Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment, brought by the defendants in error as the heirs of their ancestor, to recover a tract of land in Holmes county. Two errors are assigned for reversing the judgment.
It is first objected that the land was the homestead or place of residence of Smith, the ancestor, at the time of his death, that he left a widow who, under the statute, is entitled to the premises until her dower is assigned to her, and that the plaintiff in error claims under the widow as the purchaser of her interest at execution sale.
At common law the widow had a right to remain in the mansion-house of her deceased husband for forty days after his death, within which time it was the duty of the heir to assign her dower. But before such assignment she could not maintain ejectment for it. Adams on Ejectment, 65. 1 Th. Coke, 601. 2 C. & P. 430. She has no vested estate for life in any particular part, until after allotment. 4 Kent, 62. The right of quarantine, or the right to remain in possession of the mansion-house, is by our statute extended, so as to enable her to retain it free from molestation and rent, until her dower is assigned. H. & H. 353. Under a similar statute in New Jersey it has been decided, that an action of ejectment will not lie against her, unless her dower had been previously assigned. Den v. Dodd, 1 Halsted, 367. This decision . is against the weight of English and American'authorities, in states in which no such statute exists; but it may be a just construction, and applicable to our own statute. But be this as it may, this right of enjoyment of the mansion-house, we regard as a mere personal privilege, one which cannot be transferred to a third person ; and that such third person claiming under her, may be put out by the heir, and driven to the remedy to recover the *225 dower. Until assignment the widow has no estate in the lands, and her claim is a mere charge or incumbrance upon them. We think therefore, that this defence cannot be sustained. See 4 Kent, 61.
The next assignment of error is, that the court charged the jury, “ that if they believed, from the testimony, that the defendant either in his own person or by another claiming under him, was is possession of the land, at the time of bringing the suit,, it was sufficient proof of possession to entitle the plaintiff to recover, so far as possession was concerned.”
The evidence was that Wallis had never been in possession of the land; and that one Martin was in possession at the time of the suit brought, claiming the land for himself by virtue of a purchase from Wallis. The notice from the casual ejector was directed to and served upon Wallis; and there is nothing to show that Martin had any notice of the suit.
At common law it was necessary to prove the defendant to be in possession of the premises, and there could be no recovery without it. This is changed by a late rule of court in England, but as that can have no effect here, the proof is still requisite. Adams on Ejectment, 263, 277. 1 J. J. Marshall, 235. Peck, 189. Cooper v. Smith, 9 Ser. & Raw. 26.
The tenant in pos'session is the party who must always be served with process. If this is done and he is but a tenant, upon proof of his failure and refusal to defend, or of his consent, the landlord may be admitted to defend. If this is done, and the landlord is admitted, proof of possession by the tenant, is proof of his possession, and is sufficient. Or if he chooses, the landlord may defend in the tenant’s name. Adams 255 - 60. It would be contrary to the plainest principles of justice, to turn Martin out of possession, under a judgment against Wallis, without notice to him. Although he purchased from Wallis, he might have some other very distinct title, and he ought not to be ejected without an opportunity to defend it. Neither are we prepared to admit, that the doctrine which in this respect governs the relation of landlord and tenant, is applicable to *226 vendor and vendee. But upon this point we need not now pass.
We think the charge, when applied to the facts in the cause, was erroneous, and calculated to mislead the jury, for there was no proof either that Wallis was in possession by himself, or by any one else for him. On the contrary the proof is, that Martin claimed to hold for himself.
There was a motion for a new trial, on the ground that the court had given Avrong instructions to the jury, which was overruled; we think it should have been sustained.

The judgment is therefore reversed and a new trial granted.