THE CHARTER OAK LIFE INSURANCE COMPANY v. CUMMINGS *et al.*, *Appellants*.

1. **Ejectment**: PRACTICE : PARTIES. The statute is express that the action of ejectment " shall be brought against the person in possession of the premises claimed," which means the actual possession, and in order to recover the plaintiff must show that, at the time of the commencement of the action, the defendant was in the possession of the premises claimed. R. S., sec. 2247.

2. ——— : ——— : JUDGMENT : INJUNCTION. A judgment, in an action of ejectment against a non-resident having a tenant in possession, the latter not being served with process and there being publication as to the non-resident defendant, who had no knowledge of the suit, and who, being the mere legal holder of the title, during the pendency of the suit, conveyed to the beneficial owner who was also without notice, is void ; and equity will, at the instance of the beneficial owner, restrain the execution of a writ of possession against the non-resident defendant.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*D. T. Jewett* for appellants.

The judgment here enjoined is a regular judgment obtained in due course of law and in compliance with all the provisions of the statutes of the state, and wholly without haste or concealment, and after a delay of nearly five years from the commencement of the suit. The title claimed by the plaintiff here was in the defendant in the suit when it was commenced. On the face of the case, as made by plaintiff, there is no ground for an injunction. *Carolus v. Koch*, 72 Mo. 645. Possession is actual or constructive. It follows the title, and, unless actual adverse possession is shown, the lawful possession is presumed to be and is with the owner of the title. *Turner v. Baker*, 64 Mo. 245; *Moore v.*

*Perry*, 61 Mo. 174. No adverse possession is shown here, and the possession was in White, in whom was the legal title, as claimed by plaintiff, in August, 1876, when this suit was commenced. A suit in ejectment must be in the name of the holder of the legal title—a *cestui que trust* cannot maintain ejectment. *Baker v. Nall*, 59 Mo. 265. And for the same reason, ejectment must be against the holder of the legal title, or his tenant, or either, or both, for the tenant is but the representative of the owner. It must be against the person, who is actually, or presumptively in possession. *Bledsoe v. Simms*, 53 Mo. 305. Ejectment can only be maintained on the title, as it stood at the commencement of the action. *Norfleet v. Russell*, 64 Mo. 176. Trespass can be maintained on constructive, or presumptive possession—no open adverse possession being proved. *Cochran v. Whiteside*, 34 Mo. 417. Possession is actual, or presumptive, or constructive. Constructive or presumptive possession is such possession as follows the title, when no adverse possession is shown. 2 Abbott's Law Dictionary, title, possession; *Moore v. Perry*, 61 Mo. 174. A party in actual possession, owning a moiety, his co-owner is in constructive possession, unless the owner in actual possession does notorious acts, showing clear intention to disseize his co-tenant. 2 Abbott's Law Dictionary, title, possession. In this case there is no pretense of any evidence of adverse possession. Plaintiff in this case will suffer no wrong by dissolution of this injunction. It has a full and complete remedy at law by action of ejectment, if it has any title. It has lost nothing by lapse of time. The statute does not run against them. One judgment in ejectment is no bar to another. *Kimmel v. Benner*, 70 Mo. 52.

*J. S. Fullerton* for respondent.

(1) The judgment in *Cummings et al. v. White*,

is absolutely void. (*a*) The action was not brought against the owner of the legal title. (*b*) The action was not brought against the party in actual possession of the premises claimed. (*c*) The party against whom the action was brought, at the commencement thereof, had no title, nor was he ever in actual or constructive possession of the premises. (2) The judgment is absolutely void, because the suit was not commenced against the tenant in possession as required by the statute. "The action shall be brought only against the persons in possession of the premises claimed." R. S., 1879, sec. 2243. "To entitle plaintiff to recover, he must show that at the time of the commencement of the action the defendant was in possession of the premises claimed." R. S., 1879, sec. 2247. "The general principle in an action of ejectment is, that the plaintiff must prove the defendant in possession of the premises sued for." *Atwell v. McLure*, 4 Jones, 371. "The action must be brought against one in actual possession of the land." Tyler on Ejectment [Ed. 1874] 472. "Against one in possession in fact." *McDowell v. King*, 4 Dana, 67. (3) The question may be considered, when was said action in ejectment commenced? Clearly, this was not till May 20, 1880, the date of filing of said proof of publication—certainly not before April, 1879, when an order of publication was first asked for. "The doctrine of *lis pendens* only applies when parties to a suit have been notified of it. There is no *lis pendens* as to strangers until process is served on them, or there is a voluntary appearance of the parties to it." *Bailey v. McGuire*, 57 Mo. 362. "A mortgage on land executed after the issue, but before service of a petition in ejectment, does not subject the holder thereunder to the liability of purchaser *pendente lite*." *Shaw v. Padley*, 64 Mo. 519. "The beginning of an action in ejectment is the service of the declaration." *Atwell v. McLure*, 4 Jones, 371. "The service of notice in ejectment is the

commencement of the action.'' *Bendle v. Mydwell,* 7
B. Monroe, 314. At the time of the commencement of
the ejectment suit, and long before then, the respondent
was not only the legal owner of the land in question,
but was in possession thereof, by and through its new
tenant, Mrs. Gansey, who was living on and cultivating
part of the land, and using the balance for pasturage.
(4) The judgment being void, the trial court properly
granted the relief prayed for by perpetually enjoining
the writ of possession. *State to use of the Board of
Education v. Tiedemann,* 69 Mo. 306 ; *Chambers v.
King,* 16 Kansas, 270 ; *Coulter v. Halsfield,* 3 Yerger,
366 ; *Guier v. Canfield,* 20 Iowa, 79. In cases like this
courts of equity, always, when called upon, have inter-
fered and stayed proceedings by injunction. *Bresnehan
v. Price,* 57 Mo. 422. See *Goodenough v. Sheppard,* 28
Ill. 81 ; *Burke v. Parker,* 80 N. C. 157 ; High on Injunc-
tions [Ed. 1880] sec. 357, p. 234.

SHERWOOD, J.—Briefly stated, the case is this:
Certain parties brought ejectment against a non-resident
having a tenant in actual possession of the land sued
for. Process was not served on the tenant, and there
was publication as to the defendant in that suit, who
had no knowledge of the suit, and who, during its
pendency, conveyed to the present plaintiff, who was
equally ignorant of the action of ejectment having been
brought, and was the beneficial owner of the premises;
the non-resident being the mere holder of the title.
Judgment by default went against the defendant, and a
writ of *habere facias possessionem* issued to put the
plaintiffs in that suit into possession, whereupon the
plaintiff herein instituted this equitable proceeding to
enjoin the execution of the writ.

The circuit court, where the judgment in ejectment
was rendered, granted an interlocutory, and, on final
hearing, a perpetual injunction, and this action was

affirmed by the St. Louis Court of Appeals. The correctness of this judgment cannot be doubted. The statute is express that the action "shall be brought against the person in possession of the premises claimed." This means the *actual* possession, *i. e.*, the *possession in fact.* Tyler on Ejectment, 472; *McDowell v. King*, 4 Dana, 67; *Atwell v. McLure*, 4 Jones (N. C. Law) 371. And section 2247 of the statute prescribes that a plaintiff, in order to recover in ejectment, must "show that at the time of the commencement of the action the defendant was in possession of the premises claimed." Under the facts stated this was not the case; nor did the judgment in the ejectment suit recite that defendant was in possession of the premises.

But the judgment, although void, will be enjoined by a court of equity, which will not permit such a fraudulent abuse of legal process to go unrestrained. Mr. High says: "A perpetual injunction will be allowed against the execution of a writ of *habere facias possessionem*, against the premises of one who was not a party to the litigation. And one who is in the quiet possession of real estate, claiming title thereto, may have an injunction to restrain others from dispossessing him by means of process growing out of litigation to which he was not a party." High on Injunction, sec. 357. Similar views are expressed in *Goodenough v. Sheppard*, 28 Ill. 81, and *Banks v. Parker*, 80 N. C. 157. The case at bar does not differ materially from those cited. In principle it is the same. And the arm of a court of equity would be greatly shortened if that court could afford no relief in a case like the present. The judgment is affirmed.