SHAW *et al.* v. TRACY, *Appellant.*

1. **Ejectment**: PARTY DEFENDANT. The action of ejectment is a possessory one, and must be brought against the actual occupant.

2. ——— : ———. It cannot be maintained against the landlord alone when the premises are in the possession of his tenant.

*Appeal from Saline Circuit Court.*—Hon. W. H. Letcher, Special Judge.

Reversed.

*Wm. D. Bush* for appellant.

Though a landlord may be joined as a party defendant in an action of ejectment, the suit must also be brought against the actual occupant. *Sutton v. Casselleggi,* 77 Mo. 407; *Smith v. Benson,* 9 Vert. 139; *Ins. Co. v. Cummings,* 90 Mo. 267; *Clarkson v. Stanchfield,* 57 Mo. 573.

*Wallace & Chiles* and *S. Boyd* for respondents.

Black, J.—This was an action of ejectment for the undivided one-third of the described land. As this case must be reversed, without remanding, for the reasons hereafter stated, it will be useless to consider the action of the court in sustaining a demurrer to the second, third, and fourth defences. The instructions for the plaintiffs are based upon the theory that the plaintiffs can recover, though the defendant was not in the actual possession of the land, provided the same was occupied by a tenant of the defendant. The action of ejectment is a possessory action, and must be brought against the actual occupant. It cannot be maintained against the landlord alone when he denies possession. *Callahan v. Davis,* 90 Mo. 78; *Charter Oak Life Ins. Co. v. Cummings,* 90 Mo. 271. All the evidence shows that the land was occupied and in the possession of Mr. Roberts, tenant of defendant. Roberts is not a party to this suit.

The judgment is reversed. All concur.