WILLIAM GRUNDY et als. vs. CHARLES HADFIELD et als.

A. by his will gave all his property to his wife, " to be and remain to her during her life, or so much of the same as she may need for her support during that time." The wife afterwards gave a quitclaim deed of all her right, title, etc., in certain land, part of A.'s estate, to M. :

*Held*, that the quitclaim deed applied only to the wife's life estate, and did not affect the remainder.

*Held*, further, that, even if A.'s will implied a power to sell in fee simple to supply the wife's needs, the quitclaim deed was not an execution of such power.

A. died leaving surviving him neither issue nor parents, but leaving two brothers, the issue of two deceased brothers, a sister, and the issue of a bastard half sister born of his mother.

*Held*, that under the Rhode Island statutes the issue of the bastard half sister was entitled to one sixth of A.'s estate in remainder.

When of several defendants in trespass and ejectment the evidence showed ouster by but one, who claimed the premises in question by an exclusive title, the action is maintainable only against that one. Under the Rhode Island statutes, judgment may issue against that one and in favor of the other defendants. Ejectment must be brought against the actual occupant, and cannot in Rhode Island be maintained against a sole defendant in possession only constructively as landlord, if such an one defends on the ground of his not being in actual occupancy.

When jury trial is waived and exceptions are taken to the rulings of the trial court, counsel must avoid mingling rulings on matters of fact, which are not revisable on exceptions, with rulings on matters of law which are so revisable.

EXCEPTIONS to the Court of Common Pleas.

*July* 27, 1889. DURFEE, C. J. This is trespass and ejectment to recover an undivided part of real estate. The case was tried in the Court of Common Pleas by the court, jury trial being waived, on plea of the general issue. It comes here on exceptions. The case presented by the bill of exceptions is this : In 1884 John Aldred died seized in fee simple of the land in suit, having acquired it by purchase. He left a will giving all his property to his widow, " to be and remain to her during her life, or so much of the same as she may need for her support during that time." The widow died before this suit, but, before she died, gave a quitclaim deed of all her right, title, and interest in the land to Mary Ann Brown, upon condition that she and her husband should support the grantor during her life. The condition was fulfilled. John Aldred died without leaving any issue or either of his parents surviving him. He was one of six children born of his father and mother, to wit, four brothers, two of whom are dead leaving descendants ; one sister, being the Mary Ann Brown aforesaid ; and

himself. His mother, before she married, had had an illegitimate daughter, to wit, Elizabeth Grundy, now dead. The action is brought by her descendants and heirs at law against the two living brothers, against the descendants and heirs at law of the two dead brothers, and against the said Mary Ann Brown and her husband. It appeared, in evidence submitted for the plaintiffs, that, after the death of the widow and before suit, one of the plaintiffs went to Mary Ann Brown to demand to be let into possession, and, according to his testimony, had conversation with her as follows, to wit: " I asked her if she would let me in as an heir of this property. She said I had nothing at all to do with it, and she would have nothing to do with me." He also testified that she claimed to be solely in occupation and had control, but also that there were tenants occupying the premises. There was no testimony that any of the other defendants were in possession. The court below gave judgment for the plaintiff.

The first exception is, because the court below refused to rule that the plaintiffs, as descendants of the illegitimate daughter of John Aldred's mother, are incapable of inheriting from John Aldred and cannot recover. Our statute, Pub. Stat. R. I. cap. 187, § 7, provides that " bastards shall be capable of inheriting or transmitting inheritance, on the part of their mother, in like manner as if they had been lawfully begotten of such mother." In *Briggs* v. *Greene*, 10 R. I. 495, this court, construing this section, held that under it bastard children of the same mother inherit from each other as if they were legitimate. That was a case of two bastard daughters of the same mother, one claiming to inherit from the other, who was dead, but the construction would have been the same if the deceased had been legitimate. The court say: " The illegitimate are put upon the same footing as the legitimate for the purpose of inheritance, and for this purpose are legitimate." The plaintiffs are entitled to the share of the estate which Elizabeth Grundy would be entitled to if living. Pub. Stat. R. I. cap. 187, § 5.[1] And, pursuant to said construction, Eliza-

---

[1] As follows :

" SECT. 5. The descendants of any person deceased shall inherit the estate which such person would have inherited had such person survived the intestate."

beth Grundy if living would be entitled the same as if she were John Aldred's legitimate half sister on his mother's side. Our statutes make no distinction between brothers and sisters of the half and the full blood in respect of inheritance from each other, unless the estate is ancestral. It follows that the plaintiffs are entitled to one sixth of the estate, for Elizabeth Grundy if living would inherit from John Aldred directly, like his legitimate brothers and sisters, under Pub. Stat. R. I. cap. 187, § 1,[1] *third clause*, and not indirectly through her mother any more than they. *Smith* v. *Smith*, 4 R. I. 1.

The second exception is, because the court was requested to rule as follows, to wit : " The plaintiffs having joined several parties defendant, and having made no attempt to prove an ouster, except as against one of said defendants, except as appears from the statement of evidence, cannot recover in this action," and refused. The exception is faulty in that it involves a question of fact by the words, " except as appears from the statement of evidence ; " but if we may be permitted to find what appears from the evidence, we find that it appears that Mary Ann Brown was in possession, so far as she was in possession, under the deed from John Aldred's widow, claiming the land as her own exclusively of the other defendants and adversely to them. From this it follows that there was no ouster by the other defendants, and that the action will not lie against them. It does not follow, however, that the plaintiffs cannot recover against Mary Ann Brown and her husband, because it will not lie against the other defendants. The judgment may be against her and her husband, if she be guilty,

---

[1] As follows :

" SECT. 1. Whenever any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in equal portions to his kindred in the following course :

" *First.* To his children or their descendants, if any there be.

" *Second.* If there be no children nor their descendants, then to the father of such intestate.

" *Third.* If there be no father, then to the mother, brothers, and sisters of such intestate, and their descendants, or such of them as there be."

and at the same time in their favor. Pub. Stat. R. I. cap. 204, § 34 ;[1] cap. 217, § 9.[2]

The third exception is, because the court below refused to rule in accordance with the following request, to wit : " The defendant Mary Ann Brown, being in possession and claiming a paramount title against all the world, cannot be sued in trespass and ejectment jointly with other persons as tenants in common." We think the court erred in this respect. It is not even claimed that the other defendants, except Mary Ann Brown's husband, were in actual possession, and, if she was in, claiming the premises as her own exclusively of them, she was ousting them as much as she was ousting the plaintiffs, and there is no ground on which they can be sued as trespassers or ejectors jointly with her.

The fourth exception is, because the court below refused to rule in accordance with the following request, to wit : " The plaintiffs, having shown that persons other than Mary Ann Brown were in actual possession of the premises as her tenants, without showing who they were or that they are parties to this suit, cannot recover in this action by showing a denial by her of plaintiffs' right of possession." The request assumes that the premises were actually occupied by tenants of Mary Ann Brown, she being in possession only constructively as landlord or lessor. Granting that this was so, we think the court erred. The action is a possessory action, and must be brought against the actual occupant or tenant in possession. It cannot be maintained against the landlord alone, if

---

[1] As follows :

" SECT. 34. No action shall be defeated by the misjoinder of parties, if the matter in controversy can be properly dealt with and settled between the parties before the court, and the court may order any party improperly joined in any action to be stricken out, or may, upon such terms as may be proper, order any other person to be made a party to such action and to be summoned in to answer thereto, and in any case the court may, and upon the request of either party it shall, direct the jury to return a special verdict upon any issue submitted to the jury."

[2] As follows:

" SECT. 9. Whenever several persons shall be made defendants in an action of trespass or ejectment, and the same shall be discontinued as to any one or more of said defendants, or if upon the trial thereof any one or more of them shall be acquitted by verdict or upon a demurrer, every defendant so discharged or acquitted shall have and recover his costs."

he have possession only constructively as landlord, and defends on that ground, unless the action be authorized by some statute, and we have no such statute. Dicey on Parties, side page 494; *Wallis* v. *Doe, ex. dem. Smith's Heirs*, 10 Miss. 220; *Shaw* v. *Tracy*, 95 Mo. 531; *Hawkins* v. *Reichert*, 28 Cal. 536; *Lucas* v. *Johnson*, 8 Barb. S. C. 244; Tyler on Ejectment, 472.

It is not clear, however, from the evidence, that the estate was wholly in the possession of tenants, and, of course, if Mrs. Brown was an occupant of any part, judgment may go against her and her husband for that part. Tyler on Ejectment, 580; *Ballance* v. *Rankin*, 12 Ill. 420; 54 Amer. Decis. 415, 419, note.

The fifth exception is, because the court below refused to rule according to the following request, to wit: " It appearing that the premises consist of various different tenements, occupied by different tenants, the action for the recovery of all said tenements cannot be sustained." It follows from what we have just said that the court erred in this refusal, if the premises were, as the request assumes, in the possession of tenants, however occupying, since they are not defendants. Whether, if the premises consist of different tenements occupied by different tenants, the tenants could all be sued jointly in one action, we need not decide.

The last three requests are not fortunate in expression, since they seem to assume things as proved which the court below may not have found to be proved, and so leave it uncertain whether the requests were refused for matter of fact or of law; whereas, if they were refused for matter of fact, the refusal is not revisable on a bill of exceptions. The fault is specially common with cases in which jury trial is waived, and should be specially guarded against in those cases. We have taken for granted that the requests were refused on legal grounds.

The sixth, seventh, and eighth exceptions relate to the proof of ouster, and to the sufficiency of the evidence to prove it. The question is a mixed question of law and fact. We are not satisfied that the court below committed any error. Freeman on Cotenancy, §§ 290–297.

The ninth and tenth exceptions are, because the court below refused to rule in accordance with the two following requests, to wit: *First.* " The will of John Aldred gave to Elizabeth Aldred

a life estate in the realty, with an implied power to sell so much of said realty as she might need for her support." *Second.* " The deed from Elizabeth Aldred to Mary Ann Brown was an execution of that power, and conveyed to the grantee named in said deed a fee simple." We do not find error in the refusal. Conceding that the devise should be construed as claimed, the deed from Elizabeth Aldred to Mary Ann was not and did not purport to be an execution of the power. It was simply a quitclaim deed of all her right, title, and interest, and her right, title, and interest was merely an estate for life. It did not cover the estate in remainder. *Phillips* v. *Brown, ante,* p. 279.

The second, third, and fourth exceptions are sustained and case remitted for new trial.

*Charles A. Wilson & Thomas A. Jenckes,* for plaintiff.

*Nicholas Van Slyck, Cyrus M. Van Slyck, Louis L. Angell & Dickinson W. Richards,* for defendants.