HUNTER v. WETHINGTON, Appellant.

Divison One, June 29, 1907.

1. **BILL OF EXCEPTIONS: No Objection.** Where appellant does not challenge the accuracy of respondent's additional abstract of the record wherein the whole bill of exceptions is printed, by filing objections thereto, as required by Rule 11, the court will proceed upon the theory that no objection can be made to the accuracy of that abstract.

2. ———: ———: **Refused Instructions.** Notwithstanding appellant's insistence that his instructions were marked refused, yet if he does not in any way dispute the fact that respondent has correctly printed the full bill of exceptions as the same appears on file, and if that abstract recites that the court gave appellant's instructions, the court will proceed upon the theory that his instructions were given, and not refused.

3. **EJECTMENT: Tenant not Joined.** Ejectment cannot be maintained against the landlord without joining his tenant as a codefendant. And where the defendant lived near the eighty acres of land and cultivated a field thereon, but rented the house and garden to another, who occupied the house, and there is no such description of the portions occupied by each as would authorize a proper judgment against the landlord alone, a judgment for plaintiff for the whole tract cannot stand unless the tenant was joined as a defendant.

4. ——: ——: **Admitting Possession: Limitations.** It is not true that defendant must admit possession or be without standing on his claim of adverse possession. Ejectment is a possessory action, and must be brought against the party in actual possession; and the possession required for the purpose of maintaining the action is a wholly different thing from the possession required by the law to ripen the title by limitations.

5. ——: **Adverse Possession: Undisputed Testimony.** It does not follow that because two witnesses testified to defendant's adverse possession for ten years, and their testimony was undisputed, the court should have given judgment for defendant. The credibility of their testimony, although undisputed by other direct testimony, was for the trier of the facts.

6. ——: ——: **Good Faith.** Besides, the good faith of this adverse occupancy was a question to be considered by the trier of the facts. If defendant was a mere squatter when he entered upon the land, the amount of his improvements, the extent of his possession, and his failure to pay any taxes after he obtained a deed from one who had no title, bear on the question of whether or not he relied upon his alleged color of title as the legal title, and if he did not so rely upon it, plaintiff, who had a complete legal title and paid all the taxes, is entitled to recover, notwithstanding defendant, by himself and through his tenant, occupied a house and cultivated a small field on the tract for more than ten years.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort*, Judge.

REVERSED AND REMANDED.

*C. L. Keaton* for appellant.

(1) The action of ejectment cannot be maintained against defendant alone when he did not reside on the

land at the time of bringing the suit when a tenant resided on the land and was not made party defendant. R. S. 1899, secs. 3056 and 3060; Callahan v. Davis, 90 Mo. 83; Sells v. McAnaw, 138 Mo. 274; Shaw v. Tracey, 95 Mo. 532. (2) Defendant has shown a perfect title by adverse possession. Plaster v. Grabeel, 160 Mo. 675; Davis v. Wood, 161 Mo. 33; Kirton v. Bull, 168 Mo. 633; Franklin v. Cunningham, 187 Mo. 196; Sell v. McAnaw, 138 Mo. 274; Hunter v. Pinnell, 193 Mo. 146. (3) Defendant's deed is color of title. "Any deed purporting on its face to convey title, no matter on what it may be founded, is color of title." Hamilton v. Boggess, 63 Mo. 244; Hickman v. Link, 97 Mo. 488; Shaffer v. Detie, 191 Mo. 393. (4) Possession under color of title of a part of the land extends to all the land described in the instrument creating color of title, and when it continues for more than ten years it vests the absolute, perfect title in the possessor to the whole tract described therein. R. S. 1899, sec. 4266; Harbison v. School Dist., 89 Mo. 184; Stevens v. Martin, 168 Mo. 410. (5) It was not necessary for defendant's deed to be recorded to set the Statute of Limitation in motion and bar plaintiff. Watts v. Donnell, 80 Mo. 197; Davis v. Brisco, 81 Mo. 37. (6) The alterations and changes in a deed or instrument are presumed to have been made contemporaneous with the execution of defendant's deed, which is proven beyond controversy to have been made before the acknowledgment and delivery of the deed. So, there is no merit whatever in plaintiff's insinuations and attempted proof to the contrary. Matthew v. Coalter, 9 Mo. 696; Paramour v. Lindsey, 63 Mo. 63; Holton v. Kent, 81 Mo. 665; Stillwell v. Patton, 108 Mo. 360.

*Mozley & Wammack* for respondent.

(1) Those claiming adversely under color of title must enter and occupy the land in good faith, claiming

the whole tract, relying on the color of title as being the legal one. And whether such adverse claimant relies in good faith on his color of title as being the legal one is a question of fact for the jury. Gaines v. Sanders, 87 Mo. 557; Perkins L. & L. Co. v. Irving, 98 S. W. 580. The question of good faith is a fact to be determined by the evidence. (2) The trial court heard the witnesses, observed their demeanor on the stand, and correctly decided that defendant had not made out a case of adverse possession, and it is this adverse finding of the trial court which appellant asks this court to overthrow. To entitle defendant to recover on the ground of adverse possession he must show ten years actual, open, notorious, hostile, continuous possession in himself, or those under whom he claims, under claim and color of title. Hunnewell v. Adams, 153 Mo. 440; Hunnewell v. Burchett, 152 Mo. 611. And the proof of the possession required by the statute should be clearly made. Schumate v. Snyder, 140 Mo. 88; Hamilton v. Boggess, 63 Mo. 251; Gaines v. Fender, 82 Mo. 509. In an action at law this court will not disturb the finding of the trial court as to the facts if there is any substantial evidence on which to base that finding. Smith v. Royse, 165 Mo. 658; Hahn v. Cotton, 136 Mo. 225. The sufficiency of the evidence to support the finding of the circuit court on a question of adverse possession cannot be questioned on appeal. Bartlett v. Kander, 97 Mo. 356.

GRAVES, J.—Action in ejectment for eighty acres of land in Stoddard county. Petition in ordinary form. Answer a general denial. Jury waived and trial before the court. Finding and judgment for the plaintiff, and defendant appeals. Plaintiff filed his motion to dismiss the appeal for certain alleged deficiencies in the abstract of the record but this was, prior to the argument of the cause, overruled by this court. After-

ward the respondent prints the entire bill of excep-
tions, by way of an additional abstract of the record,
so that we now have a perfected abstract in the cause.

From the bill of exceptions it appears that the
plaintiff showed a complete record title, by convey-
ances in legal form, from the Government down to him-
self. In this bill of exceptions appears the follow-
ing:

"Plaintiff showed a regular chain of title from
the Government to himself by legal conveyance and
that he and his grantors have paid the taxes on the
land each year, and for the purpose of this bill of
exceptions defendant admits that the plaintiff has the
paper title to said real estate. Defendant claims title
by adverse possession under his deed."

The deed above referred to was a quitclaim deed
purporting to have been executed by William Hodge
and wife to Sam Wethington for the land in dispute,
on May 31, 1893, and on said day acknowledged before
Charles Massey, a justice of the peace. This instru-
ment was not filed for record until July 8, 1903, just
twenty-three days prior to the institution of this suit.

Defendant Wethington, testifying in his own be-
half, said that at the institution of this suit he did
not live on the land, but that he was cultivating all
of the cleared land, except a garden spot; that some
eighteen months before, he had rented the house and
garden spot to one Powell for one dollar per month,
and said Powell was in possession of the house and
garden; that he, defendant, had cultivated the field
each year. He further said that he took possession of
the land and built the house thereon some two years
before he got the deed from Hodge; that Hodge claimed
to own the land and he paid fifty dollars for the eighty
acres; that he had paid no taxes, saying that they
could not let him pay any taxes. As to whom is meant
by "they" does not appear. In telling when and how

he first settled upon the land, he said: "I went there and stayed on the land with the expectation of buying it from the first man who would sell it to me. I wanted a home and that was the best I could do — they told me there they didn't know who owned it, and this man Hodge come along and told me he owned it, and I just bought it from him."

He further testified that he made no clearing until after he got the deed from Hodge and since then had only cleared five acres; that he or his tenants had occupied the house on the land from the time it was built until date of the trial.

Charles Massey, who acknowledged the deed, testified, in substance, that he took the acknowledgment of the deed; that defendant was living on the land at the time and had a house and a clearing of five or six acres. The deed was shown the witness and his attention was called to an erasure in the description and handwriting of the instrument, including that substituted for the erased portion. The witness testified that he thought it was all his handwriting, but he was not positive, nor was he positive that he had made the erasure in the deed. This deed was objected to at the trial on account of the erasure, but we see no ruling of the court thereon, and presume that the court considered it in evidence, for what it was worth. The deed was likewise submitted to this court at the argument of the case. The witness Massey further testified to the continuous possession of the defendant for some time prior to the deed, and that after the deed defendant claimed title and was recognized as the owner by parties in the neighborhood.

Defendant Wethington testified that the erasure and change in the description was made before the deed was acknowledged.

This in substance is the evidence.

205 Sup—19

The bill of exceptions as printed in full by the respondents contains this statement, just after the close of the testimony: "Whereupon the defendant prayed the court to make the following declaration of law, to-wit: (Clerk here insert same). Which was given and the court found for the plaintiff and against the defendant, and rendered judgment accordingly."

From this it would appear that all of the instructions asked were given, although the defendant claims in his abstract that certain instructions were refused, but has no challenge to respondent's additional abstract of record wherein the whole bill of exceptions is printed including the signature of the trial judge. No objections to this additional abstract, served and filed by the respondent, has been filed in this court as required by our Rule 11, and hence we take it that none can be made thereto, and proceed upon that theory.

It is true that by way of reply brief the defendant again claims that his instructions are marked refused, but does not in any way dispute the fact that respondent has correctly printed the full bill of exceptions, as the same appears on file.

So that as the record appears, from the bill of exceptions, all declarations of law asked by defendant were given by the court. This sufficently states the case. Other bits of testimony may be noted later.

I. The judgment against the defendant was for the whole of said land. It is shown that the actual possession of the house and a garden spot was in the possession of one Powell, as the tenant of defendant, at the institution of this suit. Respondent in the brief does not question this fact. Nor does he question that defendant, at the institution of the suit, lived on a place about a mile from the land in dispute and that he cultivated the field thereon.

Under this statement of the facts, defendant con-

tends that the action cannot be maintained against him without joining his tenant as a codefendant, and that the judgment herein is erroneous. In this we think defendant is correct. By section 3056, Revised Statutes 1899, suits in ejectment must be brought against the person in possession.

In case of landlord and tenant, with the landlord off of the premises and the tenant in actual possession, the action may be brought against both, but not against the landlord alone. [Shaw v. Tracy, 95 Mo. 531.]

To the same effect is Phillips v. Phillips, 107 Mo. l. c. 363, where the following instruction is declared to be the law:

"That the possession of a tenant is not such possession of the landlord as will enable a plaintiff in ejectment to recover against such landlord as a sole defendant, and if the court finds from the evidence in this case that at the time of the institution of this suit defendant had a tenant in actual possession of the premises, and that he, the defendant, was not in the actual possession of the premises, the judgment should be for the defendant."

See, also, review of authorities in Llewellyn v. Llewellyn, 201 Mo. 303.

And if different tenants occupy separate portions of the premises they should be separately sued. [Sutton v. Casseleggi, 77 Mo. 397.]

At common law the action was against the occupant or person in possession. [10 Am. and Eng. Ency. Law (2 Ed.), 524; 15 Cyc. 60.]

Nor does our statute, section 3056, Revised Statutes 1899, change the common law rule, although by section 3057 the landlord may be made a party defendant.

In the case at bar, it appears that the defendant, landlord, was in possession of a part of the land, and as to that the suit was properly brought against him,

but the judgment goes further, and gives judgment of ouster against him as to the whole tract. In this there was error. Nor is there such descriptions as to the portions occupied by the two parties, contained in the evidence, so that we could enter a proper judgment here. There should always be reasonable certainty in the description of the premises. [15 Cyc. 92.]

Under the evidence in this case the location of the house and garden spot in the possession of Powell is not apparent. Nor is the size or other description of this property made plain. It is mentioned and described in the most general terms.

We conclude therefore that there is error in this judgment, and the record is not in such shape as will enable us to enter a proper judgment here.

II. Plaintiff contends that defendant must admit possession, or he has no standing on his claim of adverse possession for ten years. There is nothing in this contention. Ejectment is a possessory action and must be brought against the party in possession. The possession required by the common law and by our statute, for the purpose of maintaining this action, is wholly a different thing from the possession required by the law to ripen a title by the Statute of Limitations. To explain: A. may take possession of lands, under color of title and personally occupy such lands for five years, and then rent the lands to B. from year to year for five years, during which time B. would occupy them as the tenant of A. At the end of the ten years there would have been such adverse possession in A. as to entitle him to a decree of title under the Statute of Limitations, but had an ejectment suit during the last five years been brought against A. alone, it could not have been maintained. [Shaw v. Tracy, supra.] This illustration draws the distinction clearly.

III. As this case will have to be retried, there is one other question to be noted. Defendant contends

that as two witnesses testified to the adverse possession in defendant for ten years, the trial court could not do otherwise than to find for the defendant. This does not necessarily follow. The credibilty of that testimony, although undisputed by direct testimony, was for the trier of the facts. [Gannon v. Laclede Gas Light Co., 145 Mo. 502.]

The good faith of this adverse occupancy was a question to be considered by the trial court. As said by NORTON, J., in Gaines v. Saunders, 87 Mo. l. c. 563: "That those claiming adversely under color of title, must enter and occupy the land in good faith claiming the whole tract, relying on color of title as being the legal title, is well-settled law, and was fully recognized by the trial court in the instruction given for plaintiffs above quoted. As to whether the entry and claim in this case was so made by John Middaugh was a question for the triers of the fact, and as there was evidence upon which to submit the question, we are not at liberty to substitute ourselves for the triers of the fact, and to re-try it on the evidence. [Hamilton v. Boggess, 63 Mo. 233.]"

Here we have the original entry, and according to one witness (Massey) all the improvements made at a time when, under all the evidence, the defendant was a mere "squatter." There is evidence tending to show a change in the deed. The deed is not recorded. No taxes are paid. Only five acres cleared and improved in twelve years. All these things bear strongly upon the good faith of the claim of adverse possession, now made by defendant. These things bear directly upon the question as to whether or not during these years the defendant was relying upon his alleged color of title as the legal title. His actions speak louder than his words. According to Massey, all the small improvements made were made when he was a mere "squatter,"

and nothing done since tending to show that he placed any reliance upon his alleged deed.

We say, frankly, that were it not for the errors hereinabove mentioned, we would affirm this judgment, giving, as we always do, due regard for the finding on the facts, as made by the trier thereof in the court *nisi,* in purely law cases. But for the errors above mentioned the judgment is reversed and the cause remanded.

All concur.