NELLIE S. HYER ET AL., PLAINTIFFS IN ERROR, v. THOMAS BOYD ET AL., DEFENDANTS IN ERROR.—133 S. W. (2d) 1036.

Kansas City Court of Appeals. November 20, 1939.

*Musser & Musser, Gayles R. Pine* and *M. D. Aber* for plaintiffs.

494

*A. R. Thompson, Jr.,* for defendants in error.

SHAIN, P. J.—The action in this case is brought in two counts. Count one of plaintiffs' petition is to determine title to real estate. This court not having jurisdiction in such issue, we do not here further comment as to said count.

Count two of plaintiffs' petition is in words and figures as follows:

"For another and further cause of action plaintiffs say that on or about December 12th, 1937, the plaintiffs were the owners of and entitled to the possession of the following described real estate lying, being and situate in Johnson County Missouri, that is to say:

"Lots numbered 134 and 135 in Benjamin W. Grover's Depot Addition to Warrensburg, Missouri.

"And being so entitled to the possession thereof, defendants afterward, to-wit, on the 13th day of December, 1937, entered into such premises and unlawfully withheld from plaintiffs the possession thereof to their damage in the sum of five hundred dollars.

"Plaintiffs further state that the monthly value of the rents and profits of the premises is one hundred dollars.

"Wherefore, plaintiffs demand judgment for the recovery of said premises and five hundred dollars damages for unlawfully withholding the same from plaintiffs and one hundred dollars for monthly

rents and profits from the rendition of judgment until the possession of the premises is delivered to plaintiffs and that they recover their costs herein.''

Count two being a suit to recover real property presents a cause of action that is reviewable by this court. The matters involved in this review concern only the issues presented in count two.

The record before us discloses that two of the defendants in the suit to recover possession of real property, the same being the defendants in error, filed what is designated as ''Answer and Interpleader.'' However, said pleading can only be construed as an interplea and no other or further pleading by these parties is shown.

In the interpleas, each admit that they are in possession of the real estate in issue. In both, interpleaders make allegation that they are in possession as renters. One states that the rental price is $20 per month and the other states that the rental price is $25 per month. Both allege payment of rental due up to November, 1937. Both interpleas allege renting and having possession under contract with a party other than plaintiffs in suit, and allege payment of rent up until rental due for November, 1937. Interpleaders allege no notice of ownership by plaintiffs in error until demand for rent by plaintiffs in error, November, 1937. Both interpleas, with the exception as to the designated amount of rental, contain the following language, to-wit:

''Wherefore, this answering defendant prays that he be allowed to pay into court the sum and amount of $80.00 being back rental payments for November and December, 1937, and January and February, 1938, and that pending determination of this action he be allowed and ordered to pay into court subsequent rental payments in the amount of $20 on the first day of the month on which same shall become due, all for the use and benefit of such persons as the court may find entitled thereto and subject to such orders thereon as the court may herein make; that the court enter its order of interplea requiring the parties except the defendant L. V. McGraw, hereto to interplead with each other to determine which is entitled to receive payment of said rental and that upon payment of said fund of $80.00 into court this defendant be relieved and discharged from any and all liability to said parties and each of them thereto and that said order apply to all subsequent rental payments so ordered paid into court upon payment as ordered as to this defendant.''

The interpleas aforesaid appear duly attested and sworn to before the circuit clerk of the court.

The following entries, orders and decrees were made and entered by the trial court, to-wit:

''. . . the court having heretofore entered its order requiring the plaintiffs and other defendants herein to show cause on or before February 18, 1938, why said interpleas should not be allowed, and

all other parties to this cause by and through their attorneys having been timely notified of said order to show cause, but notwithstanding, having failed and omitted to plead or reply or appear and show cause as required by said order and said other parties to this action being in default as to same, the court further finds that said interpleading defendants have paid or tendered into court the sums and amounts specified in order of this court of February 14th, 1938, and being entitled to interplead in this action and to pay further rents into court during pendency of this action it is therefore ordered and adjudged that the respective interpleas of L. V. McGraw d/b/a L. V. McGraw Produce Co., and Thomas Boyd d/b/a Thos. Boyd Coal and Ice Co., be and are hereby sustained to which action of the court in sustaining said answers of interpleaders, plaintiffs by their attorneys now here excepts. And said parties are hereby allowed to pay into the hands of the clerk of this court the rentals more particularly described in said answer and in prior order of this court in the total sum of One Hundred Eighty Dollars ($180.00) and during the pendency of this action it is further ordered that said interpleading defendants on the first day of each month pay into the hands of the clerk of this court the rental on said premises as more particularly specified in said answer and in prior order of this court and that the clerk of this court hold said funds in his hands pending final determination of this action, subject to payment of costs of this interplea and except as to the attorneys fee hereinafter provided for, for such parties as the court may find entitled thereto.

"It is further ordered that attorney for said interpleading defendants be allowed a reasonable attorney's fee which the court finds to be the sum of Fifty Dollars ($50.00) for interpleading defendants for services to date, or a total attorney's fee of One Hundred Dollars ($100.00) if appealed to be paid by the clerk of this court to such interpleading defendants attorney forthwith.

"Upon compliance with this order and subject to further payments into court above provided for as to rentals due on said premises said interpleading defendants are herewith ordered discharged from this action and held harmless as to further liability as to sums and amounts in this action.

"It is further ordered that said other parties to this action except interpleading defendants appear and plead setting up their claims, right, title and interest in the said funds on or before the first day of the ensuing June 1938 term of this court."

This cause is here on Writ of Error sued out by the plaintiffs in the suit for possession. The plaintiffs in error make assignments of error as follows:

"I

"The pleadings of respondents stated no cause of action entitling

them to the relief prayed. They couldn't create themselves tenants of plaintiffs without so pleading and proving.

"II

"Upon the face of the record, the court was without jurisdiction to enter the judgment here questioned.

"III

"The Court exceeded its powers by attempting to penalize plaintiffs for exercising their right of appeal. This is an invasion of the jurisdictional of the court.

"IV

"The so-called petition for interpleader by respondents was directed solely to Count II of the petition of plaintiffs. The action being for ejectment, defendants in error were absolutely the necessary and jurisdictional parties defendant. Dismissing them amounted to a destruction of plaintiffs' right to a right to trial of their right of possession."

In the review of this case, we must take cognizance of the fact that in a suit to recover real property the person in possession thereof must be made a party. [Hunter v. Wethington, 205 Mo. 284, 103 S. W. 543.]

The right of an interpleader to absolve himself from further obligation for money in his hands, which is claimed by two or more parties, by depositing the money in court need not be commented upon in this opinion.

It will be noted that the defendants in error in their interpleas virtually ask a full discharge, and the trial court, upon condition of rental amounts being deposited into court, orders the interpleaders (who are defendants in the action to recover real property of which they are admitted by tenants) "discharged from this action and held harmless for further liability, etc."

Further, that part of the orders and decrees touching attorney fees is somewhat novel, in that a penalty by way of attorney fees is provided if defendants thereafter appeal.

We conclude that defendants in possession of real property wherein there is a charge of unlawfully withholding possession from a plaintiff and wherein damages are asked for said unlawful withholding, cannot by an interplea such as is shown herein fully discharged themselves from such action. We further conclude that the trial court was in error in this case in discharging defendants in error from this action. We further conclude that such action was not within the jurisdictional powers of the said court under the pleadings in this case.

In passing, we suggest that the inclusion of count two in this action has served but to confuse and cause the laws delay.

An examination of count one discloses the same parties plaintiff and defendant, and the same subject matter as in count two.

Count one concludes as follows:

"Wherefore, plaintiffs ask that the Court hear and finally determine any and all rights, claims interest, liens and demands whatsoever of the parties or any one of them concerning or affecting said real estate and that full and complete relief whether legal or equitable be awarded the several parties and to each of them as fully and with the same force and effect as the court might or could do in any other and other and different action brought by the parties or any one of them to enforce any such right, claim, interest, lien or demand and that therein the court establish and declare the full and complete fee simple title of and to said described real estate to be in the plaintiffs and that plaintiffs recover their costs herein."

It would appear that "full and complete relief whether legal or equitable" should suffice.

Based upon our reasons and conclusions above set forth, the judgment in matter of interpleas is reversed and, as our review is confined to this interloping issue, the cause is remanded. All concur.