WARREN, *Appellant,* v. CARTER *et al.*

1. **Administration:** POWER OF PUBLIC ADMINISTRATOR: ORDER OF DISCHARGE. Where a public administrator has commenced the administration of an estate, he has the right to continue such administration until the estate is fully administered, or he is discharged in the ordinary course of law, as other administrators, notwithstanding his term may have expired. And where the records show no final settlement or discharge of said administrator, he would have the power to execute a deed as such, even after the entry of an order of record directing him to turn over the estate to his successor in office.

2. ———: POWER OF ADMINISTRATOR. An administrator, appointed in the usual and ordinary way of administering estates, where the record fails to show that he had either resigned, made final settlement, been discharged, or had his letters revoked, remains administrator of the estate, with power to execute a deed for premises sold as such administrator, under the orders of the court, although an order had previously been entered of record directing him to turn over the estate to his successor.

3. **Ejectment:** PARTIES: POSSESSION. In an action of ejectment, where a third person under whom defendant claims is, upon her motion, made a co-defendant in order to better defend the possession, plaintiff is not required to prove that such added co-defendant was in possession at the time of bringing suit. The possession of the original defendant is her possession.

*Appeal from Shannon Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED AND REMANDED.

*L. B. Woodside* for appellant.

(1) The court erred in excluding the administrator's deed. *Wilkerson v. Allen,* 67 Mo. 502 ; *Rugle v. Webster,* 55 Mo. 247 ; *Fenix v. Fenix,* 80 Mo. 30. (2) Even though the administrator's deed had been void, the plaintiff was entitled to judgment, notwithstanding.

*Boyd v. Jones*, 49 Mo. 202 ; *Matney v. Graham*, 59 Mo. 190. (3) The declaration of law asked by defendant should not have been given. *Page v. Hill*, 11 Mo. 161 ; *Boyd v. Jones*, 49 Mo. 202. (4) There was no evidence offered in support of the allegations in Mary J. Carter's answer. There was no evidence that she was the head of a family. The debt for which the land was sold was contracted prior to her purchase of the same. G. S., 1879, sec. 2695 ; 62 Mo. 473. No notice is required of the issuance of an execution to another county, unless defendant is a resident of the county where judgment is rendered. G. S., 1879, sec. 2381. The record is silent as to the place of Mary J. Carter's residence, and the burden of proof was upon the defendants to show irregularities, if any. *Hendrickson v. Railroad*, 34 Mo. 188. It was not necessary for plaintiff to prove that an execution was issued and returned *nulla bona*. This is only necessary when the execution creditor resides in the county. G. S., 1879, sec. 2999. The justice's execution constitutes no part of the purchaser's title, and if there had been irregularities in the proceedings sufficient to invalidate the sale, it was for the defendants to show them. *Waddell v. Williams*, 50 Mo. 216 ; *Norton v. Quinby*, 45 Mo. 388 ; *Whitman v. Taylor*, 60 Mo. 137 ; *Perkins v. Quigley*, 62 Mo. 498. It was not necessary for the sheriff's deed to recite that the defendant did not live in the county where the judgment was rendered, nor for plaintiff to prove it. Neither was it necessary for the deed to recite that a *nulla bona* return had been made by the constable. *Waddell v. Williams*, 50 Mo. 216. There was no objection made to the introduction of the sheriff's deed, and any informalities therein, which might have been cured by evidence *aliunde*, were waived. 39 Mo. 346. The deed contained all of the necessary recitals, and was sufficient to shift the burden of proof on the defendants, if they denied

its validity. *Carpenter v. King*, 42 Mo. 220 ; *McCormick v. Fitzmorris*, 39 Mo. 24; *Perkins v. Quigley*, 62 Mo. 498.

*Storts & Orchard* for respondents.

BRACE, J.—This was an action in ejectment commenced by the plaintiff against the defendant, S. B. Carter, in the circuit court of Shannon county, to recover possession of certain lands in said county. Mary J. Carter was, on her own motion, made a party defendant, and each of the defendants filed separate answers, in effect, however, the same and amounting simply to a general denial, the defendant, Mary J., offering no evidence in support of her special pleas. The plaintiff, after showing by certificate of entry from the records of the United States land office that Benjamin F. Carter entered the land in controversy, offered in evidence a deed from Jesse Orchard, administrator of the said Benjamin F. Carter, deceased, dated December 10, properly acknowledged and recorded, reciting an order of sale of the premises at the February term, 1869, of the county court of said county—sale at the May term thereafter and report and approval of the sale at the ensuing November term of said court, conveying all the right, title, and interest of the said deceased in said real estate to Mary J. Carter.

The deed contained all the necessary recitals, was evidence of the facts therein recited, and had the effect to convey to the purchaser all the right, title, and interest which the deceased had in the premises, if the said Orchard was in fact the administrator of said deceased for the purpose of making such deed. Wag. Stat., 1872, p. 98, secs. 35 and 37. The defendants objected to the introduction of said deed in evidence on the ground that said Orchard was not such administrator, and to sustain their objection introduced the

record of the county court of Shannon county showing an entry of an order made by said court on the third day of May, 1871, ordering Lyle Singleton, public administrator of said county, to take charge, among other estates, of the estate of B. F. Carter, deceased, and ordering Jesse Orchard, former administrator of said estate, to hand over to said Singleton all the money and effects belonging to said estate, and take receipts therefor ; and on the fourteenth day of November, 1871, the following entry : "Transferred estate of B. F. Carter, deceased. Jesse Orchard, former administrator of said deceased, is by the court allowed an account against said estate of $25.28, amount paid to Lyle Singleton, present administrator, as per receipt on file, thè same to be placed to his credit on the probate ledger." It does not appear from the record whether Orchard was administering this estate as public administrator, or was acting under letters of administration granted of this particular estate. The order to turn over embraced eleven other estates besides this one, and if any presumption is to be indulged on the subject, it is that he was acting as public administrator, and as such administering this estate. If so, having as such public administrator commenced the administration of this estate, notwithstanding his term may have expired, he had the right to continue such administration until such estate was fully administered, or he was discharged in the ordinary course of law as other administrators. Wag. Stat., 1872, p. 122, sec. 12. The records introduced show no final settlement or discharge of said administrator, and he would have had the power to execute the deed as such administrator, notwithstanding the order of the county court to turn over the assets of said estate to his successor.

If, on the other hand, he was administrator of said estate by virtue of letters granted him in the usual and ordinary course of administering estates, the record failed to show that he had either resigned, made a final

settlement, been discharged, or that his letters had been revoked, and he remained administrator of said estate with power to execute the deed for the premises which he had sold as such administrator under the order of the county court, and which sale had been approved by said court, notwithstanding said orders of the county court. *Rugle v. Webster*, 55 Mo. 246; *Garner v. Tucker*, 61 Mo. 427; *Wilkerson v. Allen*, 67 Mo. 502. The court erred in refusing to permit said administrator's deed to be read in evidence.

The plaintiff next read in evidence, without objection, a sheriff's deed in proper form duly acknowledged and recorded, made in pursuance of a sale by the sheriff of Shannon county, under an execution issued from the office of the clerk of the circuit court of Texas county, on a transcript judgment filed therein against the said Mary J. Carter, conveying to one Orrin P. Gray all her right, title, and interest. The deed contained all the necessary recitals, and nothing appearing to impair its value, had the effect of vesting in said Gray the title of the said Mary J. Carter in the premises, which title the plaintiff, before the commencement of this suit, had acquired by the mesne conveyances from Gray to him, introduced in evidence.

The defendant introduced no evidence, and the finding and judgment of the court, before whom the same was tried without a jury, should have been for the plaintiff instead of for the defendant. The conclusion at which we have arrived in regard to the validity of the administrator's deed renders it unnecessary to pass upon the other point raised in appellant's brief, which we would find it difficult to do satisfactorily, owing to the vagueness of the testimony in regard to the possession of the premises at the date of the sheriff's sale. There was manifest error, however, in the declaration of law given for the defendant requiring plaintiff, in order to maintain his action against defendant, Mary J. Carter,

to show that she was in possession of the premises at the commencement of the suit. The suit was not commenced against her, but against S. B. Carter, who claims under her. She became a party on her own motion; the possession of S. B. Carter was her possession, and the principle upon which the law permitted her to be made a party was that she might thereby be the better enabled to defend that possession. If she was not there for that purpose, she had no business to come into the case, and being in, she must abide the fate of her co-defendant.

The judgment of the circuit court is reversed and cause remanded. All concur.