## PHILLIPS v. PHILLIPS, *Appellant*.

### DIVISION ONE.

1.   **Ejectment: POSSESSION.**   While an action of ejectment must be brought *against* the person in possession, yet occupancy or residence on the property is not necessary to constitute such possession.

2. ———: DAMAGES. On trial in ejectment eighteen months after ouster there was evidence that from one hundred to one hundred and fifty acres of the land was in cultivation worth $3 per acre per annum. *Held,* that on recovery by plaintiff an assessment of his damages at $540 was not excessive.

*Appeal from New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Wm. Carter, M. Arnold* and *Silver & Brown* for appellant.

(1) The evidence clearly shows that defendant did not live on the farm, and that it was occupied by his tenants at the institution of the suit. The tenants should have been joined as defendants. *Ins. Co. v. Cummings*, 90 Mo. 267; s. c., 13 Mo. App. 76; R. S. 1879, secs. 2243 and 2247. (2) The court erred in refusing declaration of law, numbered 1, as asked by defendant. Authorities, *supra.* (3) The court erred in not giving declaration of law, numbered 2, as asked by defendant. If as hypothecated in the instruction defendant had a tenant living on the premises, and did not himself live thereon, plaintiff could not recover. Our statutory provisions require the action to be brought against the *terre* tenant. R. S. 1879, secs. 2243 and 2247; *Ins. Co. v. Cummings*, 90 Mo. 267. It follows from the foregoing that the declarations of law given by the court of its own motion were erroneous. (4) The petition places the defendant's ouster on March 26, 1887. This suit was begun on March 3, 1888, less than twelve months after the ouster. The court's finding of the monthly value of rents and profits is $30 per month; hence the damages ought not to have exceeded eleven or twelve times $30, or between $330 or $360. There is no evidence of waste in the case,—nothing on the question of damages except as to the monthly rental

value.    Hence the finding of $540 damages is exorbitant and unsupported by the evidence.

*R. B. Oliver*, for respondent.

(1) The evidence clearly shows that, "at the time of the commencement of the action, the defendant was in the possession of the premises." The statute expressly declares this "shall be sufficient." R. S. 1879, secs. 2247, 2244; R. S. 1889, secs. 4633, 4630. (2) The finding on the question of damages is not excessive. (3) The judgment should be affirmed with ten-per-cent. damages. *Cordell v. Bank,* 64 Mo. 600; *Schwaner v. Co.*, 19 Mo. App. 534.

BLACK, J.—This is an action of ejectment for several hundred acres of land. The court sitting as a jury gave judgment for plaintiff, and defendant appealed.

Shapley Phillips, who was the father of the defendant and the grandfather of the plaintiff, died leaving a large landed estate which was partitioned in 1870. The plaintiff acquired the land sued for in severalty by that proceeding. The defendant was the guardian of the plaintiff, and as such had charge of the land in suit down to March 25, 1887, at which date the plaintiff became of age. The plaintiff then demanded possession which demand was refused, and hence this suit.

The defendant set up a claim on the trial that he was not in possession of the land when this action was commenced. There was, at that date, a dwelling-house on the property, occupied by Mrs. Barker, with four or five acres and outbuildings attached. Defendant then resided eight or ten miles distant; but the evidence for the plaintiff tends to show that the defendant used the plaintiff's land for pasture and farming purposes in connection with other land set off to him by the decree in the partition suit, and that Mrs. Barker was simply the cook or housekeeper for defendant.

The defendant, who was the only witness in his own behalf, testified that he was not in possession at the institution of the suit, that the property was then and for seven or eight years had been occupied by Mrs. Barker. On his cross-examination he admitted that Mrs. Barker was simply a housekeeper, doing the cooking for himself and hands; that he put sixty or seventy acres in wheat in the fall of 1887, and that he used other portions of the premises for pasturing his stock. He gave further evidence tending to show that he rented some twenty or thirty acres to one Raglan in January, 1888, but he does not know whether Raglan had or had not moved to the cabin on the premises when this action was instituted. He says if Raglan did not live in the cabin at that time one Branson did.

It is very true that an action of ejectment must be brought against the person in possession. But occupancy of, or residence upon, the property is not a necessary element of possession. The first of the defendant's refused instructions is based upon the theory that plaintiff must show "actual occupancy" of the premises by defendant. This is not the law, and the instruction was, therefore, properly refused.

The court of its own motion gave an instruction to the effect that, if the defendant was not in the actual possession of the premises at the institution of this suit, the plaintiff could not recover; and also another one which is in these words: "2. That the possession of a tenant is not such a possession of the landlord as will enable a plaintiff in ejectment to recover against such landlord as a sole defendant, and if the court finds from the evidence in this case that at the time of the institution of this suit defendant had a tenant in actual possession of the premises, and that he, the defendant, was not in the actual possession of the premises, the judgment should be for the defendant."

This instruction given by the court is the same in substance and effect as the second asked by defendant

which was refused. As the two instructions are the same, there was no error in refusing one of them. The instructions given present fairly the only issue made on the trial, and there is an abundance of evidence to support the finding of the court.

The court assessed the damages at $540, and it is insisted that the damages should not exceed $360. The petition sets up an ouster on the twenty-sixth of March, 1887, and this suit was tried in September, 1888, so that the damages were to be assessed for a period of about eighteen months. The evidence shows that there was from one hundred to one hundred and fifty acres in cultivation, worth $3 per acre per annum. It is, therefore, clear that the damages are within the range of the evidence. Indeed, we are constrained to say this is a vexatious appeal. The judgment is, therefore, affirmed with ten-per-cent. damages. All concur.