KUNZE v. EVANS *et al., Appellants.*

DIVISION ONE.

1.  **Land: BOUNDARY LINE : ADVERSE POSSESSION.** One in possession of land claiming only to the true line according to the deed under which he holds, and who has never claimed or been in actual occupancy beyond the true line and regardless of it, is only entitled to the quantity called for by his deed, although he is mistaken as to the calls in the deed and the location of the true boundary line.

2.  ————— : ————— : —————. Where adjacent proprietors claim only to the true line between them, without intending to claim beyond it, the possession of one beyond the true line is not adverse to the other.

*Appeal from Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*James S. Wooldridge* and *H. Clay Daniel* for appellants.

( 1 ) Plaintiff and Mrs. Evans, the wife of defendant, T. D. Evans, are coterminous proprietors of portions

of lot 4 numbered in the pleadings; and the plaintiff, and those through whom he claims title, purchased with constructive notice of the metes and bounds of her premises, described in and fixed by the recorded conveyances in the line of her title. R. S., sec. 2419. (2) Defendants, and those through whom Mrs. Evans derives title, have held adverse possession of the premises conveyed to her for more than thirty years, not merely under claim of title, but actual title and ownership, and so held with the acquiescence and consent of plaintiff, until the house standing on the eastern end thereof was taken down for the purpose of rebuilding. *Tamm v. Kellogg*, 49 Mo. 119; *Cole v. Parker*, 70 Mo. 379; *Handlan v. McManus*, 100 Mo. 124; *Majors v. Rice*, 57 Mo. 384. (3) The court erred in the declaration of law given at the instance of the plaintiff. Neither the plaintiff, nor anyone through whom he claims title, ever had actual possession of any part of the premises described in the conveyance to Mrs. Evans, a portion of which premises plaintiff seeks to obtain possession of by means of this action. The instruction is not based upon evidence. *Fugate v. Pierce*, 49 Mo. 441; *Tamm v. Kellogg*, 49 Mo. 123; *Bradley v. West*, 60 Mo. 33; *Turner v. Hall*, 60 Mo. 271; *Hamilton v. West*, 63 Mo. 93.

*Whitsitt & Jarrott* for respondent.

(1) To entitle the plaintiff to recover, it shall be sufficient for him to show that at the time of commencing the action the defendant was in possession of premises claimed, and that the plaintiff had such right to the premises thereof as to be sufficient to maintain the action. R. S. 1889, sec. 4633. "A complete adverse possession is a good title on which to maintain ejectment." *Biddle v. Mellon*, 13 Mo. 335; *Wall v. Shindler*, 47 Mo. 282; *Dalton v. Bank*, 54 Mo. 105; *Davis v. Thompson*, 56 Mo. 39; *Barry v. Otto*, 56 Mo.

177; *Ridgeway v. Holliday*, 59 Mo. 444; *Ekey v. Inge*, 87 Mo. 49. ( 2 ) Where owners of contiguous lots mutually establish a boundary line and build up to it and use and occupy according to it for a period long enough to show their agreement and acquiescence, although less than a period which would be a bar under the statute of limitations, they and those claiming under them will be estopped from afterwards claiming a different boundary. *Taylor v. Zepp*, 14 Mo. 482; *Blair v. Smith*, 16 Mo. 273. When two adjoining proprietors recognize a certain dividing line as the true one, and with this understanding one of them, with the knowledge and cognizance of the other, erects dwellings and improvements upon this boundary, and is permitted for many years to maintain his possession, the adjacent owner will be estopped from afterwards disturbing his possession. *Majors v. Rice*, 57 Mo. 384; *Hamilton v. West*, 63 Mo. 92; *Soward v. Johnston*, 65 Mo. 315; *Melton v. Smith*, 55 Mo. 315; *Dibble v. Rogers*, 13 Wend. 539. ( 3 ) " The possession under color of title of a part of a tract or lot of land in the name of the whole tract  *  *  *  shall be deemed a possession of the whole tract." R. S. 1889, sec. 6768; *Schultz v. Lindell*, 30 Mo. 310; *Tazon v. Ladeu*, 33 Mo. 205; *Crispen v. Hannovan*, 50 Mo. 536.

BRACE, J.—This is an action of ejectment for a strip of ground in lot 4, in block 2, in the original town of Harrisonville in Cass county, instituted July 2, 1887. The plaintiff in his petition claimed three feet by thirty feet, six inches. The case was tried by the court without a jury, and he obtained judgment for two feet, two inches by thirty feet, six inches, of the land sued for, from which the defendants appeal. The parties are coterminous proprietors each of a subdivision of said lot, and the suit grows out of a dispute about the boundary line between them. The title of each is

Kunze v. Evans.

deraigned by mesne conveyances from Joel D. Campbell, who owned the whole of lot 4, but conveyed it in subdivisions.

The following diagram will illustrate block 2, and the lot as thus conveyed:

The evidence tended to show that lots 4, 5 and 6 as originally platted and laid out were of equal size, and that the whole length of the block from north to south

as actually built upon and occupied from the beginning is one hundred and ninety-three feet, five inches ; giving a width to each lot of sixty-four feet, five and two-thirds inches ( say sixty-four feet, six inches ).

In January, 1845, Campbell conveyed to Eli Dodson the middle division of lot 4, describing its boundaries as " beginning eighteen feet north of the northeast corner of lot 5, block 2, running thence north nineteen and one-half feet, thence west one hundred and sixty-five feet to the alley, thence south nineteen and one-half feet, thence east to the place of beginning." The Dodson subdivision, with one foot more on the south subsequently acquired by his grantees and transmitted, making twenty and one-half feet front, is the part of said lot, the title to which is vested in the defendant, by the record.

On the seventh of December, 1846, Campbell conveyed to John Cummins the north subdivision of lot 4, describing its boundaries as " all that part of lot number 4, in block number 2, in the city of Harrisonville, north of Eli Dodson's line, which part of said lot is about twenty-nine feet fronting the public square, and extends west, back to the alley." The plaintiff has acquired the Cummins title to this part of said lot. The remaining subdivision on the south was afterwards conveyed by Campbell in 1849, to S. G. Allen, described in the deed as " Part of lot 4, in block 2, fronting on the street about eighteen feet, and running back west the same width, the whole length of said lot, together with the storehouse situated on the same."

It will be observed in these deeds that the width of the lot is estimated at sixty-six feet, six inches ; that the Dodson deed, under which defendant claims, is the prior one, and fixes specifically the boundaries and quantity conveyed ; that the quantity conveyed in the Cummins deed under which plaintiff claims is estimated, and the southern boundary of the land conveyed established, by the Dodson line. Consequently, the lot in

fact only fronted sixty-four feet, six inches, after Dodson got his nineteen feet, six inches; eighteen feet north of the south boundary of the lot, there remained for Cummins only twenty-seven feet front, instead of twenty-nine feet as estimated, and the true line between the coterminous proprietors would be a line drawn east and west twenty-seven feet south of the north line of lot 4.

In 1868, the plaintiff acquired title to the Cummins lot by three separate deeds for the subdivisions thereof, respectively marked on the diagram A, B and C. The land sued for which he claims is in the possession of the defendant is three by thirty and one-half feet off the south side of A. The deed under which he claims describes that subdivision as follows : "A part of the west end of lot 4, in block 2, in the city of Harrisonville, bounded as follows : Beginning at the northwest corner of said lot 4, running thence south with the alley twenty-nine feet, thence east sixty and one-half feet, thence north twenty-nine feet, thence west with the street sixty and one-half feet to the place of beginning."

In 1874 the defendant Evans bought the Dodson lot and went into possession ; business houses were on the front of each lot when each of them went into possession. When Evans went into possession, the two buildings on the fronts of each lot sat against each other. There was a small tenement on plaintiff's rear lot, not on the strip in controversy. The rear of their respective lots fronting on the alley seems to have been uninclosed otherwise.

In the fall of 1882 the defendant erected an icehouse on the rear of his lot facing the alley, and in the year following the parties tore down the old, and put up new, buildings on the front of their lots facing the public square ; the partition wall of these buildings was paid for jointly ; its line being fixed by some measurement that does not appear clearly in the record.

In 1887, some months before this suit was brought, the plaintiff had a survey made of his rear lot A, according to the calls in his deed. Beginning at the northwest corner of the lot and running south, at a distance of twenty-six feet, six inches, the surveyor struck the north wall of defendant's icehouse, disclosing the fact that it was six inches beyond the true line, on plaintiff's premises. The surveyor in another part of his testimony says the icehouse was twenty-six feet, seven inches, in the latter case he probably meant the space covered by the roof of the icehouse, which projected considerably over the wall of the house ; however that may be, according to the true line, the judgment for the plaintiff should have been for the strip of ground beginning at a point twenty-six feet, six inches south of the northwest corner of lot 4, running thence south six inches, thence west thirty and one-half feet, thence north six inches, thence east thirty and one-half feet to the beginning ; instead the judgment of the court removed the true line south one foot and two inches and *gave* the plaintiff one foot and two inches by thirty and one half-feet in addition to what he was entitled to, off the land of defendant, making the south boundary line of plaintiff's lot twenty-eight feet, two inches from the north line of the lot, instead of twenty-seven feet as it should have been. This result was evidently reached by the trial court ( from the instructions given for the plaintiff ), upon the theory that the plaintiff had acquired title by adverse possession to all that part of lot 4, lying north of a line drawn across said lot from east to west, twenty-eight feet, two inches south of the north line of said lot; based probably upon some measurements or estimates made of the frontage of the buildings of the parties on the public square, either as they existed at the time of the trial, or before the new buildings were erected.

It is not clear, on the evidence, upon what *data* the court did settle upon this as the line of actual

occupancy by the parties in front, nor do we find it necessary to inquire further into that question. The entry of which plaintiff alone complains in his petition was upon his lot A, made by the defendant in 1882. For more than ten years prior to that entry, he had been in possession of that lot claiming it only under his deed, and to the true line according to the deed, which he always thought, and still thinks and contends, is twenty-nine feet south of the northwest corner; but he had never been in the actual occupancy of, nor had he ever claimed any land south of, the true line and regardless of it. Consequently, he has not been in *adverse* possession of any of the land included in the judgment, south of a line distant twenty-seven feet from the north line of lot 4, and should not have had recovery for any land south of that line. *Finch v. Ullman*, 105 Mo. 255; *Crawford v. Ahrnes*, 103 Mo. 88; *Handlan v. McManus*, 100 Mo. 124; *Krider v. Milner*, 99 Mo. 145; *Skinker v. Haagsma*, 99 Mo. 208, and cases cited. There was no adverse possession of the premises in dispute in the case, each party claiming only to the true line between them. The judgment is reversed and cause remanded for new trial. All concur.