OF THE

# STATE OF MISSOURI

AT THE

APRIL TERM, 1895

---

(*Continued from Volume 128*)

---

KUNZE v. EVANS *et al.*, *Appellants.*

Division One, May 28, 1895.

1. **Practice**: CONFLICTING EVIDENCE ON FIRST AND SECOND TRIALS: RES ADJUDICATA. Where, on a retrial of a cause involving the location of a boundary line between adjoining proprietors, and, after a reversal of the first judgment by the supreme court, a survey introduced in evidence, made since the former trial, establishes a different location of the line from that found to be correct on the former appeal, it is not error for the trial court to adopt the line of the last survey and enter judgment for plaintiff in accordance therewith.

2. ———: HARMLESS ERROR. A party can not complain of error made in his favor.

VOL. 129 mo—1                                      (1)

3. **Ejectment:** POSSESSION. Actual occupancy of, or residence upon, the property by defendant is not a necessary element of the possession required to sustain ejectment.

*Appeal from Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*J. S. Wooldridge, H. Clay Daniel* and *Noah M. Givan* for appellants.

(1) A judgment in ejectment against one not in possession is erroneous if not void. R. S. 1889, sec. 4633; *Insurance Co. v. Cummings,* 13 Mo. App. 76; s. c., 90 Mo. 267; *Shaw v. Tracy,* 95 Mo. 531; *LaRivierie v. Tracy,* 97 Mo. 84; Tyler on Ejectment, p. 472. (2) At the time this suit was instituted, defendant Evans was not in possession of the property in question, either by himself or by tenant, and was not, at the time of the rendition of judgment, in possession of it; hence judgment, for that reason, with others, was improperly and erroneously rendered against him. Authorities *supra.* (3) Judgment was erroneously rendered against both defendants for the possession of the premises after their possession had ceased, and also for monthly rents and profits from the date of the judgment. (4) The court erred in refusing the instruction or declaration of law numbered 3 asked by the defendant. *Crispen v. Hanavan,* 50 Mo. 536; *Land Co. v. Hays,* 105 Mo. 143; *Hunnicutt v. Peyton,* 102 U. S. 333; *Kunze v. Evans,* 107 Mo. 487. (5) The action of the court in giving plaintiff possession of a strip of ground eight, one tenth inches wide, by thirty feet long, described in the judgment, and for damages and monthly rent, is unsupported by any substantial evidence, and for that reason

alone, among others, should be reversed. *State v. Chouteau*, 91 Mo. 490; *Klosterman v. Kage*, 39 Mo. 60.

*Burney & Burney* with *William L. Jarrott* for respondent.

(1) At the commencement of this action defendants were in possession of the land sued for, or at least were in possession of all the ground for which plaintiff recovered judgment, and plaintiff established a good and perfect title to said real estate. This was all that was necessary to entitle plaintiff to recover. R. S. 1889, sec. 4633. (2) The court found that defendant was in actual possession of the ground at the time of the beginning of the suit. Actual personal presence of defendants on the land at the time of the institution of the suit is not necessary to the maintenance of ejectment, but any subjection of the property to their will and dominion is sufficient. *Bell v. Foxen*, 14 Sawy. 799. "It is very true that an action in ejectment must be brought against the person in possession, but occupancy of, or residence upon, the property is not a necessary element of possession." *Phillips v. Phillips*, 107 Mo. 360. (3) The court did not err in refusing instruction 3 asked by defendant. It was not supported by any testimony and was in direct conflict with the decision of this court when the case was here on a former appeal. *Kunze v. Evans*, 107 Mo. 487.

BRACE, P. J.—This is an action in ejectment commenced July 2, 1887, by the plaintiff, L. O. Kunze, against T. D. Evans and S. J. Beattie, in the circuit court of Cass county, to recover a narrow strip of ground three feet by thirty feet, six inches, in lot 4, block 2 in the city of Harrisonville, covered by an ice house erected by said defendants in the year 1882. Judgment for plaintiff, and the defendant Evans appeals. The

case has been here before, and is reported in 107 Mo. 487, where a full statement may be found.

The decision of the case then, as now, turned upon the true location of the line between the lot of the plaintiff and the lot belonging to the wife of the defendant Evans. Both parties claimed according to the lines of their respective deeds, until this controversy arose. On the former appeal, it was found that the true division line was twenty-seven feet south of the north line of plaintiff's lot, and that the ice house extended north over that line six inches onto the plaintiff's lot.

The evidence on the last, was substantially the same as on the former, trial, except that, since the former trial, another survey was made, by which it was made to appear on the last trial, that instead of the east and west lines of plaintiff's lot being of equal length, as they appeared to be on the first trial, that owing to the fact that the north and south lines of the block converge going west, the plaintiff's west line was in fact only twenty-six feet, eight and one tenth inches in length, instead of twenty-seven feet. The circuit court adopted the line of the last survey and consequently gave the plaintiff judgment for three and nine tenths inches by thirty feet less than he was found to be entitled to on the former appeal. There was no error in this, but if so, it was an error in favor of the defendant, of which he can not complain.

The only additional point made on this appeal, to those passed upon in the former appeal, is that the defendant Evans was not in possession at the time the suit was commenced. The trial court found as a matter of fact that he was, and there was ample evidence to sustain the finding. Actual "occupancy of, or residence upon, the property is not a necessary element of possession." *Phillips v. Phillips*, 107 Mo. 360. The judgment is affirmed. All concur.