# GEORGE E. LLEWELLYN, Appellant, v. CHARLES T. LLEWELLYN.

### Division One, February 22, 1907.

1. **EJECTMENT: Res Adjudicata.** A judgment in ejectment, where no equitable defenses were interposed, is not *res adjudicata.*

2. **———: Defendant.** Ejectment must be brought against the party in possession, and where the relation of landlord and tenant exists between the owner and the tenant, the tenant, being in actual possession, must be made a defendant, and no judgment in a suit against the landlord alone can stand, where his answer is a general denial. The suit may be brought against the tenant and then the landlord be made a party on motion, but it cannot be brought in the first instance against the landlord alone.

3. **———: ———: Cotenant.** And the rule is the same where one cotenant sues another. The suit must be brought against the cotenant's tenant in possession.

Appeal from Marion Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*W. M. Boulware* and *J. A. Whiteside* for appellant.

Defendant was understood to maintain on the trial that the suit ought to have been brought against the occupying tenant of defendant and not against defendant. The form of the action is that of ejectment. Ejectment is recognized by our statute, as well as by the common law, as a proper form of action by a tenant in common against a disseizing cotenant. It is, of course, conceded that in ordinary ejectment to recover the possession of land, the person occupying the land is the person to be sued. This results from the fact that the ordinary ejectment is purely a possessory action, and involves

the title only when that is incidental to the right of possession. In a possessory ejectment the plaintiff is adjudged to be entitled to the possession, and has execution under which the defendant is dispossessed and posession delivered to plaintiff. The proceeding by a joint tenant or tenant in common against disseizing cotenant is essentially different. It is concerned only with the question of the right or title of the alleged cotenant. While the right is conceded, the joint seizin and unity of the possession exist and the possession of one is the possession of all, and either may maintain an action for partition. The denial of plaintiff's ownership and the assertion of exclusive ownership by defendant breaks the unity of the possession. And so it is that plaintiff must have his title adjudged before he can pursue his partition proceeding. The judgment rendered adjudges and declares his ownership of an undivided interest in the land. He has no execution under which defendant is dispossessed. His title is adjudged and declared whereby the joint seizin and unity of possession are restored. No other judgment can he have nor does he have any execution process. His title and right as cotenant being adjudged, and the unity of possession and seizin being thereby restored, he may pursue his proceeding in partition. In this case plaintiff has a partition suit pending and awaiting the determination by this case of the question of his title. It would seem to be obvious that in such case the disseizing cotenant is the person to sue. He is the person against whom the judgment must be rendered. Counsel are aware of no case in which suit was otherwise brought.

*W. T. Rutherford* for respondent.

(1) Plaintiff has shown no possession in himself or in any one under whom he claims, of the land in controversy and the undisputed proof is that Louis B.

Higbee (a tenant of Charles T. Llewellyn, defendant) is in the actual possession of the land sued for and was so in the actual possession, at the time of the institution of this action. In order to recover the action would have had to be brought against the party in actual possession of the land. R. S. 1899, sec. 3056; Ins. Co. v. Cumming, 90 Mo. 267; Callahan v. Davis, 90 Mo. 78; Sutton v. Casseleggi, 77 Mo. 397. Ejectment is a possessory action, and while title can be tried in the action, still the action cannot be maintained against the landlord alone, when the premises are in the actual possession of his tenant. Shaw v. Tracy, 95 Mo. 531. (2) Counsel undertakes to show that this is not the ordinary (common) action of ejectment to recover possession of land, although he said in the statement, and abstract of the record, "This suit, in the form of ordinary ejectment was brought," etc. Now, if the action is ordinary ejectment (action at law under the statute) then it cannot be maintained against a landlord whose tenant is in the actual possession of the lands, when the tenant is not made a defendant. We think plaintiff has mistaken his action and that he should have brought an equitable action to establish a lost deed.

LAMM, J.—This is a suit in ejectment to recover an undivided interest of 4-21 in the north half of the northwest quarter of section 10, township 63, range 6, in Clark county, Missouri. Ouster is laid as of March 26, 1895. The answer was a general denial. The trial was to a jury and a verdict for defendant was coerced by a mandatory instruction. From a judgment entered on that verdict, after due preliminary steps, plaintiff appeals.

Plaintiff's learned counsel press with astute vigor certain alleged errors of the trial court in the exclusion

of testimony, and in ruling against the competency of plaintiff's principal witness, Mrs. Benning. We take it, too, counsel complain of an adverse conclusion of the trial court on the issue of the delivery of a lost deed upon which plaintiff relies.

But in the view we take of this case all these questions should be reserved. And this is so because the judgment must be affirmed for reasons presently pointed out. Being in ejectment with no equitable defense interposed, the judgment is not *res judicata*, and at another trial the same questions may not arise, or, if they do, the proof may not be the same.

This was plain ejectment. Defendant's answer put in issue his possession; and the uncontroverted evidence shows that one Higbee was in possession of the premises as tenant of defendant when suit was brought, at the trial, and for many years prior thereto. By Revised Statutes 1899, section 3056, it is provided that: "The action [ejectment] shall be prosecuted in the real names of the parties thereto, and shall be brought against the person in possession of the premises claimed." By section 3060 it is provided that: "To entitle the plaintiff to recover, it shall be sufficient for him to show that, at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had such right to the possession thereof as is declared by this chapter to be sufficient to maintain the action." By the next section it is provided that: "If the action is brought by a joint tenant, or tenant in common, against his cotenant, the plaintiff shall also be required to show on the trial that the defendant actually ousted him, or did some act amounting to a total denial of his right as such cotenant."

In establishing a working theory for the administration of the foregoing statutes it has always been held that an action of ejectment must be brought

against the person actually in possession, otherwise a judgment for possession and a writ of ouster will not go. [Bledsoe v. Simms, 53 Mo. 305; Clarkson v. Stanchfield, 57 Mo. 573; Shaw v. Tracy, 95 Mo. 531; Charter Oak Life Ins. Co. v. Cummings, 90 Mo. 267; Warren v. Carter, 92 Mo. 288; Phillips v. Phillips, 107 Mo. 360; Kunze v. Evans, 129 Mo. 1; see, also, Tyler on Ejectment, p. 472.]

It is true that it has been held that actual *residence* upon the property is not an essential element of possession — that is, if the defendant himself farms the land and has a servant living upon it who acts in the capacity of his housekeeper or other like capacity, the possession is in defendant, though he reside elsewhere. [Phillips v. Phillips, *supra;* Kunze v. Evans, *supra.*] But the facts in the case at bar do not bring it within the protection of that principle; for here the relation of landlord and tenant actually existed between defendant and Higbee — Higbee had a foothold (*pedis possessio*) and if plaintiff desired possession, he must oust Higbee. It follows that, while the question of title may be tried in an ejectment suit, yet it is essentially a possessory action; and possession in defendant, when that is put in issue, is an indispensable condition precedent to a recovery.

Whatever may be the rule elsewhere, the rule in Missouri is as announced. Plaintiff's counsel concedes this as a general rule; but they say this is an action between cotenants, and, therefore, was properly brought against the cotenant. But we find no such distinction made in the cases, and, on principle, it is not apparent how it can exist. It is true that a landlord or grantor may be made a party defendant on motion; but this does not mean that the landlord or grantor out of possession may be sued in the first instance. The object of joining the grantor in a deed, or the lessor in a lease, under one or the other of which the

defendant in possession may hold, is obvious and does not touch the fact and issue of possession. [Warren v. Carter, *supra*.]

Some nice distinctions have been drawn on the question of ouster, when the suit is between cotenants, and the answer is a general denial. [Peterson v. Laik, 24 Mo. 541; LaRiviere v. LaRiviere, 77 Mo. l. c. 517; Falconer v. Roberts, 88 Mo. l. c. 578.] But it is not perceived how the learning on this point is pertinent to the matter under consideration.

A general denial in an ejectment suit is a favorite plea in the law and is of unusual breadth, opening a wider door for defenses than in other cases. [Tetley v. McElmurry, 201 Mo. 382.]

In many of the cases relied upon by plaintiff the possession was admitted by the answer; and, hence, they are not authority for the proposition that a cotenant out of possession may be sued in ejectment where the fact of possession is put in issue.

Turn the matter as we may, we are driven to the conclusion that there was a fatal failure of proof, and that the instruction complained of was well enough on that score alone, without passing on other interesting points raised by learned counsel.

The judgment is, accordingly, affirmed.

All concur, except *Woodson, J.*, not sitting.