VAN H. STOKES et al., Respondents, v. ANDREW H. MILLS et al., Appellants.

St. Louis Court of Appeals, March 1, 1913.

1. **STATUTE OF FRAUDS: Answering for Another's Debt: Extension of Credit to Third Party.** F and son, who operated a sawmill, the product of which defendants purchased, being desirous of procuring feed on credit from plaintiffs, the latter wrote to defendants that they would not let F and son have feed on their own account, but would do so "provided we may send you an O. K.'d bill the first of each month and receive our remittance from you by the 10th," in answer to which defendants wrote to plaintiffs that F and son had requested them to deduct from the purchase price of the lumber "such amounts as may be owing for current feed bills and pay the same to you direct." "I must, however, have approved bills from you by the 5th of each month and I can remit to you on or before the 10th." *Held,* that it was proper to construe the letters as

extending credit, in the first instance, to defendants, and not to F and son, so that the Statute of Frauds (Sec. 2783, R. S. 1909), requiring a promise to answer for the debt of another to be in writing, did not apply.

2. ———: ———: ———. In determining whether a contract was one to answer for another's debt, within the Statute of Frauds (Sec. 2783, R. S. 1909), the test is to ascertain to whom the credit was given, and if the plaintiff dealt with the defendant alone, without giving credit to the person to whom the goods were furnished, the case is not within the statute.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Bradley & McKay* for appellants.

(1) There was no evidence upon which to render a judgment for the plaintiff under the pleadings and the evidence in this cause, and the judgment was for the wrong party. Bohle v. King-Brinsmade Merc. Co., 114 Mo. App. 439; Morris v. Kansas City, 117 Mo. App. 298; Schmitte v. Transit Co., 108 Mo. App. 186. (2) The court erred in giving the instruction No. 1 on the part of plaintiff, for the reason that under the pleadings and the evidence in this case there was no evidence upon which to base the same, and plaintiff's theory is not sustained by the pleadings and the evidence. Summers v. Life Ins. Co., 90 Mo. App. 691; Merritt v. Paulter, 96 Mo. 237; Naylor v. Cox, 114 Mo. 232; Druey v. White, 10 Mo. 354. (3) The court erred in refusing defendants' instruction No. 2 because it correctly sets out defendants' Mills Brothers defense and conforms to the pleadings and issues in this cause. Aultman & Taylor Co. v. Smith, 52 Mo. App. 351; Whipple v. Building & Loan Assn., 55 Mo. App. 554.

*T. R. R. Ely* for respondents.

Plaintiffs' petition states that they sold the bill sued on at the request of Mills Bros., and while it does

not specifically state that the same was charged to Mills Bros., that fact is necessarily implied, and if the cause of action was imperfectly stated in the petition, the defendant waived that by his answer. Weaver v. Harlan, 48 Mo. App. 319. There is another rule of pleading to the effect that facts which are necessarily implied from the direct averments in a pleading, will be deemed as having been averred. Dillan v. Hunt, 82 Mo. 150; Eans v. Bank, 79 Mo. 182.

NORTONI, J.—This is a suit on an account for the purchase price of feed. Plaintiffs recovered and defendants prosecute the appeal.

It appears that Charles H. Fletcher & Son, for whom the feed was purchased, owned and operated a sawmill in Stoddard county, and sold and shipped the lumber and shingle product therefrom to defendant Mills Brothers, at Decatur, Illinois. In order to operate the sawmill, it was necessary that Fletcher & Son should procure considerable feed for their horses, and plaintiffs refused to sell the same to them because they were insolvent. Fletcher & Son informed plaintiffs that defendant Mills Brothers would pay for all feed required, as they were receiving the product of the sawmill. Thereupon plaintiffs wrote to defendant Mills Brothers on April 19th to the effect that they would not let Fletcher & Son have feed on their own account but would do so "provided we may send you an O. K.'d bill the first of each month and receive our remittance from you by the 10th." In answer to this letter defendants wrote plaintiffs on April 26th that Fletcher & Son had requested them to deduct from the purchase price of the lumber "such amounts as may be owing for current feed bills and pay the same to you direct." The writer then says, "I must, however, have approved bills from you by the fifth of each month and I can remit to you on or before the 10th or within a day or two after that." After having re-

ceived this letter, in response to that of plaintiffs to the effect that they would not furnish Fletcher & Son feed on their own account and only on condition they might receive remittance from defendant by the tenth of each month, plaintiffs furnished Fletcher & Son the feed as required and transmitted the O. K.'d bills therefor to defendants monthly. Defendants paid several of these bills at the proper time, but on September 16th wrote plaintiffs they would not pay for feed delivered to Fletcher & Son thereafter. Plaintiffs furnished Fletcher & Son no feed after receiving the letter last above mentioned, and this suit is for a balance due for that sold during the months of July and August.

It is urged the judgment should be reversed for the reason the note, or memorandum in writing, consisting of the two letters, is insufficient to evince a special promise from defendants to answer for the debt, default or miscarriage of Fletcher & Son, as is required by the Statute of Frauds (Sec. 2783, R. S. 1909). It may be the argument would be sound if the right of recovery were asserted on the theory that defendants undertook through a collateral agreement to respond for the debt of Fletcher & Son, but such is not the case. Here it appears plaintiffs refused to extend any credit whatever to Fletcher & Son and wrote defendants fully to that effect but would furnish the feed provided defendants would remit for the bill rendered by the tenth of each month. When defendants' letter is considered in response to this proposition, it was competent for the court to construe them together as a contract for the extension of credit in the first instance to defendants and not to Fletcher & Son at all. Furthermore, there is oral evidence in the record which is uncontradicted, and it was received without objection or exception, to the effect that no credit was extended to Fletcher & Son, but, on the contrary, it was extended to the

171 Mo. App.—41

defendants alone for all of the feed which Fletcher & Son obtained until September 16, when defendants notified plaintiffs it would not further be responsible. Other correspondence in the record between the parties during the interim reveals beyond question that plaintiffs expected to hold defendants for the feed bill and that defendants expected to pay them, but finally declined to pay the balance here in suit, all of which was contracted, however, prior to September 16th, when defendants notified plaintiffs it would not pay for feed puchased thereafter.

In cases of this character, the test question universally applied is: To whom was the credit given? If, in the first instance, the credit was given to Fletcher & Son, then, of course, the Statute of Frauds requires a note or memorandum in writing evincing a special promise to answer for the debt before an action may be successfully maintained against the third party. But, as said by Mr. Browne, in his valuable work on Statute of Frauds (5 Ed.), sec. 157, "In cases where the plaintiff has dealt with the defendant alone, there is no duty or liability but that of the defendant, and his promise to pay for the work or the goods is manifestly original and valid." Here plaintiffs declined to deal with Fletcher & Son and dealt alone with the defendants in extending the credit.

From the instructions given, it appears the court, before whom the issue was tried, found the fact to be that the credit was originally extended to defendants by plaintiffs and not to Fletcher & Son at all. In such circumstances, the Statute of Frauds is wholly beside the case and does not obtain for the reason there is no collateral promise to answer for the debt, default or miscarriage of another. [See Rottman v. Pohlmann, 28 Mo. App. 399; Glenn v. Lehnen, 54 Mo. 45; Steele v. Ancient Order, 125 Mo. App. 680, 103 S. W. 108.]

In the light of all of the facts and circumstances surrounding the parties at the time, it was competent

for the court to find as it did, that the transaction contemplated an extension of credit to defendants and in no sense to Fletcher & Son. Such was the obvious intention of the parties. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.