CHARLES H. WITTENBERG, Respondent, v. HARRY R. FISHER, Appellant.

St. Louis Court of Appeals, May 5, 1.914.

1. **SALES: Action for Purchase Price: Sufficiency of Evidence.** In an action for the price of goods sold and delivered, evidence held sufficient to sustain a judgment for plaintiff.

2. **STATUTE OF FRAUDS: Agreement to Pay Debt·of Another: Evidence.** In an action for the price of goods sold and delivered, the fact that, at the time the sale was made, plaintiff or his bookkeeper erroneously charged the same to a third person did not conclusively establish that the debt was that of such third person, so as to require a note or memorandum, under the Statute of Frauds (Sec. 2783, R. S. 1909), in order to obligate defendant to pay it.

3. ———: ———: ———. Where goods are sold on the credit of a person, his promise to pay for them is original and valid, and not within the Statute of Frauds, although they are delivered to a third person.

4. **APPELLATE PRACTICE: Conclusiveness of Finding.** In an action at law tried to the court, a finding, on conflicting evidence, is conclusive, on appeal.

5. **APPELLATE PRACTICE: Damages for Vexatious Appeal.** Where defendant had many times admitted his indebtedness and implored plaintiff for extensions of time, and did not deny it until suit was instituted, and the appeal taken by him was not only without merit, but was obviously taken for the mere purpose of delay, held that ten per cent damages should be added to the amount of the judgment for vexatious appeal, as authorized by Sec. 2084, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen*, Judge.

AFFIRMED.

*Frank A. C. MacManus* for appellant.

(1) Appellate courts have uniformly extended great flexibility to pleadings in cases commenced be-

fore justices, but when such pleading is amended in the circuit court, the latter act must be in conformity to the rules maintaining in such jurisdiction and any modification of the initial contract must be pleaded. Lanitz v. King, 93 Mo. 513; Sims v. Fields, 24 Mo. App. 557. Plaintiff does not declare on any second contract or new promise, thus he must recover on the original account or not at all. Brescheisen, v. Caffey, 15 Mo. App. 80; Taussig v. Land Co., 124 Mo. App. 220. The failure to set out in the amended petition the acts of defendant as to the appropriation of the payment of the $3.90, and to fail to declare on the modified contract (Wilden v. McAllister, 91 Mo. App. 453), if one exists, as to Harry R. Fisher becoming the obligee of another person by a promise in writing the circuit court does not obtain jurisdiction over the *res* unless new promise is specially pleaded. The "amended account" filed in the St. Louis circuit court does not state a cause of action against Harry R. Fisher as an obligee to pay the debts of another. G. S., Secs. 2783, 2784; Cash v. Clark, 61 Mo. App. 636; Moore v. Mount Castle, 61 Mo. 424. (2) A promise without consideration to pay the debt of another, when it does not appear that the promisor is in anywise indebted on his own account to the promisee must be in writing, or else will be void under the Statute of Frauds. Moore v. Railroad Co., 31 Mo. App. 145; Rottmann v. Pohlmann, 28 Mo. App. 399. In this case, the amended petition does not declare on a new promise to pay in writing or otherwise. Chidsey v. Powell, 91 Mo. 627; Chambers v. Rubey, 47 Mo. 99; Carr v. Hurlbert, 41 Mo. 267; Martin v. Braham, 86 Mo. 643.

*Carl Otto* for respondent.

NORTONI, J.—This appeal is wholly without merit. Plaintiff sued defendant upon an account and recovered judgment for the amount claimed. From

this judgment defendant prosecutes the appeal. A jury was waived and the trial had before the court.

There are no instructions in the record for review, save one offered by defendant and refused, through which the court was requested to declare that plaintiff was not entitled to recover under the law and the evidence.

It appears plaintiff is in the wholesale liquor business, and defendant conducted a saloon at Grand avenue and Natural Bridge road in the city of St. Louis. Plaintiff testifies positively that he sold the liquors and other items of account to defendant personally during that year and they were delivered at his saloon above mentioned. Moreover, the record is replete with evidence to the effect that defendant time and again promised plaintiff to pay the account, but put him off from time to time because, it is said, he was in "hard luck." After the account had been running for several years and no payment made thereon, plaintiff personally called at defendant's saloon with a view of collecting it. Upon defendant's asking a further extension thereon, plaintiff requested him to make a payment on the same in order to keep it alive, so as to prevent the running of the Statute of Limitations. Thereupon defendant personally paid plaintiff $3.90 in cash, to be credited for the purpose stated. The credit was duly entered as of the date the payment was made, March 19, 1906, by cash, and thereafter it is said defendant promised to execute notes for the balance, payable at $25 per month, but did not do so. Finally, the account was placed in the hands of plaintiff's attorney for collection and plaintiff says defendant offered to confess judgment thereon, but afterwards refused to do it. Defendant admits that he never repudiated the account nor refused to pay it, but insisted from time to time that plaintiff should not "push him" thereon. Concerning the matter of confessing judgment, the following question to and answer by defendant in his testi-

mony appear: "Q. Didn't you say, 'I will confess judgment'? A. I might have said that; yes." Defendant admits, too, that on August 16, 1910, he wrote plaintiff a letter as follows, concerning the subject-matter involved here, for this was the only matter pending between them:

"Harry R. Fisher, Cafe and Pool Room,
Southeast Corner Grand & Natural Bridge Road.
St. Louis, 9/16/10.

Charles Wittenberg.

Dear Sir: I have been in such a tight place that I have not been able to do anything for you yet. If you will just give me a little rope I will fix it up all right by the first of the year. You have been very lenient and I will show you how I appreciate it. I am tied hand and foot now and cannot make a move. Hoping you will see my position, I am,

Yours truly,
HARRY FISHER."

On the part of defendant, it is said he does not personally owe the account, in that it was charged on plaintiff's books to Fisher Brothers and that he wrote this letter to plaintiff on being urged to pay it, with a view of "stalling off a suit" thereon. The evidence for defendant tends to prove that Fisher Brothers owned a saloon in the same neighborhood, at Spring avenue and Natural Bridge road, and another one of plaintiff's brothers owned a saloon at Grand avenue and Natural Bridge road, but that defendant was not interested in either at that time, though he shortly thereafter succeeded to the ownership of the place at Grand avenue and Natural Bridge road. Because plaintiff's bookkeeper entered the items of the account in his books at the time the sale was made as charges against the account of Fisher Brothers, it is insisted by defendant that he is not indebted therefor. But the evidence for plaintiff is to the effect that the items of the larger portion of the account involved here were

purchased personally by plaintiff as and for himself, and the others on his order, to be delivered at his place of business at Grand avenue and Natural Bridge road. Plaintiff testifies positively that he knew defendant, Harry Fisher, well and that he did not know his brothers and had no business relations with them whatever. The evidence seems to greatly preponderate in favor of the view that the goods sued for were sold directly to this defendant and were delivered to him and, indeed, his own evidence and course of conduct during the several years thereafter seem to afford ample corroboration touching the matter.

That the goods were actually sold by plaintiff and delivered and that they were of the value set forth in the account is not disputed, but defendant insists that as the account was posted in plaintiff's books against Fisher Brothers, no recovery may be had against him. It is argued in this connection that the case presents an attempt to hold plaintiff for the debt or default of another and that there is no sufficient note or memorandum in writing, as is essential under the Statute of Frauds to do so. It is said the account as originally entered in plaintiff's books was against Fisher Brothers and not against defendant and, therefore, the indebtedness sued for is that of another. The account in suit here appears to be an account against defendant, Harry Fisher, alone, and the name of Fisher Brothers does not appear therein. But it is true that in some manner the original entries were posted in the name of Fisher Brothers and upon discovering the error, the account was subsequently made out properly against defendant. However this may be, the evidence of plaintiff and others for him is abundant to the effect that the sales were made directly to defendant and the goods delivered in accordance with his direction at the place of business, Grand avenue and Natural Bridge road, where he subsequently held out and appeared to be the proprietor. Indeed, plaintiff's evi-

dence is positive and direct that he did not know any of defendant's brothers at the time and that he sold the goods to defendant on an understanding that he owned and conducted the saloon where they were delivered. Obviously this constitutes substantial evidence in support of the judgment for plaintiff. By its finding and judgment, the trial court accepted this view of the sale to be true and rejected the evidence of defendant in point of credibility. Obviously the mere fact that either plaintiff or his bookkeeper erroneously charged the items against Fisher Brothers in his books is not conclusive to the effect that the debt sued for is that of another, so as to require a note or memorandum, under the Statute of Frauds, in order to obligate defendant to pay it. In cases of this character, the test question universally applied is: To whom was the credit given? If in the first instance the credit was given to another firm, say Fisher Brothers, then, of course, the Statute of Frauds requires a note or memorandum in writing, evincing a special promise to answer for the debt, before an action may be successfully maintained against a third party defendant. But in cases where plaintiff has dealt with defendant alone and extended the credit to him, there is no duty or liability but that of defendant, and his promise to pay for the goods is manifestly original and valid. Therefore, the Statute of Frauds is wholly beside the case and does not obtain, for there is no collateral promise to answer for the debt, default, or miscarriage of another. [See Stokes v. Mills, 171 Mo. App. 638, 154 S. W. 455.] It is entirely clear that if we accept the facts as found by the trial court, as we must, there is no question touching a collateral promise involved here, for it appears the sale was made directly to defendant and the goods delivered to him upon his credit alone. The mere fact of entering the items of the account under the firm name of Fisher Brothers was but a mistake and is unimportant as an element in the

case, after having been found to be such, as it manifestly was by the trial court.

Moreover, though it is not in our province to give judgment on the facts of the case, it appears from the cross-examination of defendant that he never at any time repudiated this account until after suit was instituted thereon. He admits having pleaded with plaintiff to grant him further time, not to crowd him, and admits, too, that on one occasion he offered to confess judgment before a justice, and admits writing the letter to plaintiff by which he said he sought to "stall off a lawsuit." The record throughout suggests a fixed policy of delay and evasion and reveals a course of conduct that should not be tolerated beyond strict necessity in so doing. Furthermore, it appears to be clear that the appeal here is not only without merit but is so obviously frivolous and for the mere purpose of delay that we would be derelict in our duty if we omitted to penalize it as vexatious. In such circumstances, the statute devolves this duty upon the court. [See section 2084, R. S. 1909; Phillips v. Phillips, 107 Mo. 360, 17 S. W. 974.]

The judgment should, therefore, be affirmed with an assessment of ten per cent damages thereon for a vexatious appeal. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.